IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JONES, | § | |
| | § | |
| Defendant Below, | § | No. 429, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1712008278 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 8, 2021
Decided: May 12, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On August 16, 2018, the appellant, Joseph Jones, pleaded guilty to continuous sexual abuse of a child.[1] On December 4, 2018, the Superior Court sentenced Jones, under 11 *Del. C.* § 4205A,[2] to fifty years of incarceration,

---

[1] *See* 11 *Del. C.* § 776(a) ("A person is guilty of continuous sexual abuse of a child when, either residing in the same home with the minor child or having recurring access to the child, the person intentionally engages in 3 or more acts of sexual conduct with a child under the age of 18 years of age over a period of time, not less than 3 months in duration.").

[2] *See* 11 *Del. C.* § 4205A(a)(2) (providing that if the victim of continuous sexual abuse is a child under the age of fourteen, the sentence shall be "not less than 25 years up to life imprisonment").

suspended after forty years for decreasing levels of supervision. Jones did not file a direct appeal. He did, however, file a motion for sentence modification; this is Jones's appeal from the Superior Court's denial of that motion.[3]

(2) On appeal, Jones's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Jones's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Jones of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Jones of his right to submit points he wanted this Court to consider on appeal. Jones has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[4] This Court must also conduct its own review of the record and determine whether "the

---

[3] *See Jones v. State*, 2020 WL 2280509 (Del. May 7, 2020) (remanding for Superior Court to consider motion for sentence modification on its merits).

[4] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

appeal is indeed so frivolous that it may be decided without an adversary presentation."[5]

(4) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Jones could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[5] *Penson*, 488 U.S. at 82.